UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

LASHAWN R. PETTUS-BROWN,
    Plaintiff,

vs.

HAMILTON COUNTY,
OHIO, et al.,
    Defendants.

Case No. 1:17-cv-32

Barrett, J.
Litkovitz, M.J.

**REPORT AND
RECOMMENDATION**

Plaintiff, who apparently is currently incarcerated at the Hamilton County Justice

Center in Cincinnati, Ohio, brings this civil action against Hamilton County and the Hamilton

County Prosecutor. (*See* Doc. 1). His *pro se* pleading entitled "Bill in Chancery/Equity and

Injunctive Relief" was filed with this Court on January 12, 2017 upon plaintiff's payment of

the $400 filing fee.

This matter is before the Court for a *sua sponte* review of plaintiff's pleading, which is

construed as a complaint, to determine whether the complaint, or any portion of it, should be

dismissed because it is frivolous, malicious, fails to state a claim upon which relief may be

granted or seeks monetary relief from a defendant who is immune from such relief. *See* Prison

Litigation Reform Act of 1995, § 805, 28 U.S.C. § 1915A(b). The screening procedures

established by § 1915 apply to complaints filed by prisoners against governmental entities,

officials or employees regardless of whether the plaintiff has paid the filing fee, as in this case,

or is proceeding *in forma pauperis*. *See* 28 U.S.C. § 1915A(a); *Hyland v. Clinton*, 3 F. App'x

478, 479 (6th Cir. 2001); *Bell v. Rowe*, No. 97-4417, 1999 WL 196531, at *1 (6th Cir. Mar. 22,

1999) (citing *McGore v. Wrigglesworth*, 114 F.3d 601, 608-09 (6th Cir. 1997)); *see also*

*Fleming v. United States*, 538 F. App'x 423, 426 (5th Cir. 2013) (per curiam) (citing *Ruiz v. United States*, 160 F.3d 273, 274 (5th Cir. 1998)); *Miller v. Edminsten*, 161 F. App'x 787, 788 (10th Cir. 2006); *Lewis v. Estes*, No. 00-1304, 2000 WL 1673382, at *1 (8th Cir. Nov. 8, 2000) (per curiam) (citing *McGore* and Seventh and Second Circuit cases).

A complaint may be dismissed as frivolous when the plaintiff cannot make any claim with a rational or arguable basis in fact or law. *Neitzke v. Williams,* 490 U.S. 319, 328-29 (1989); *see also Lawler v. Marshall*, 898 F.2d 1196, 1198 (6th Cir. 1990). An action has no arguable legal basis when the defendant is immune from suit or when plaintiff claims a violation of a legal interest which clearly does not exist. *Neitzke,* 490 U.S. at 327. An action has no arguable factual basis when the allegations are delusional or rise to the level of the irrational or "wholly incredible." *Denton v. Hernandez,* 504 U.S. 25, 32 (1992); *Lawler,* 898 F.2d at 1199. The Court need not accept as true factual allegations that are "fantastic or delusional" in reviewing a complaint for frivolousness. *Hill v. Lappin,* 630 F.3d 468, 471 (6th Cir. 2010) (quoting *Neitzke,* 490 U.S. at 328).

Congress also has authorized the *sua sponte* dismissal of complaints that fail to state a claim upon which relief may be granted. 28 U.S.C. §§ 1915 (e)(2)(B)(ii) and 1915A(b)(1). A complaint filed by a *pro se* plaintiff must be "liberally construed" and "held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam) (quoting *Estelle v. Gamble,* 429 U.S. 97, 106 (1976)). By the same token, however, the complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 570 (2007)); *see also Hill,* 630 F.3d at

2

470-71 ("dismissal standard articulated in *Iqbal* and *Twombly* governs dismissals for failure to state a claim" under §§ 1915A(b)(1) and 1915(e)(2)(B)(ii)).

"A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 556). The Court must accept all well-pleaded factual allegations as true, but need not "accept as true a legal conclusion couched as a factual allegation." *Twombly*, 550 U.S. at 555 (quoting *Papasan v. Allain*, 478 U.S. 265, 286 (1986)). Although a complaint need not contain "detailed factual allegations," it must provide "more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 555). A pleading that offers "labels and conclusions" or "a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555. Nor does a complaint suffice if it tenders "naked assertion[s]" devoid of "further factual enhancement." *Id.* at 557. The complaint must "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Erickson*, 551 U.S. at 93 (citations omitted).

It is difficult, if not impossible, to decipher plaintiff's *pro se* pleading, in which Hamilton County and the Hamilton County Prosecutor are named as the defendants. (*See* Doc. 1, at PAGEID#: 4). Plaintiff alleges that he is the "sole beneficiary" of a "Private Business Trust" and that the defendants "have [violated] and continue to violate, trespass upon and breach [the] private trust," which warrants "both a temporary and permanent injunction." (*Id.*, at PAGEID#: 4-5). Construing the complaint liberally, it appears that plaintiff's claims stem from two Hamilton County Court of Common Pleas cases (Case Nos. B0500613 and B1605805) involving criminal charges against the plaintiff. (*See id.*, at PAGEID#: 5-6). Plaintiff does not seek damages as relief. Instead, he requests that the defendants "and their departments/agencies" be

3

enjoined from "subjecting Private Business Trust LASHAWN R. PETTUS-BROWN to any

proceedings at law" and directed "to immediately release [the plaintiff] from any current/future

custody, detention and/or monitoring by any department/agency within the Defendants'

jurisdiction." (*Id.*, at PAGEID#: 7).  Plaintiff also requests, among other things, the issuance of a

decree declaring that he "is sole beneficiary of Private Business Trust LASHAWN R. PETTUS-

BROWN and is *not* property of nor a surety for the private trust, and is *not* a 'person' as defined

by the Ohio Revised Code"; that "case B0500613 and case B1605805 have been **claimed** and are

private property of regarding Private Business Trust LASHAWN R. PETTUS-BROWN"; that

the defendants "are in breach of trust regarding Private Business Trust LASHAWN R. PETTUS-

BROWN"; and that defendants are to "bring into this Court money in the amount equal to the

amount received by Defendants, and any departments/agencies under the Defendants'

jurisdiction, from the public use of case B0500613 and case B1605805, Private Business Trust

LASHAWN R. PETTUS-BROWN's private property."  (*Id.*) (emphasis in original).

Plaintiff's *pro se* complaint for injunctive relief is subject to dismissal at the screening

stage for failure to state a claim upon which relief may be granted by this Court.  This Court has

"original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the

United States." *See* 28 U.S.C. § 1331.[1]  To the extent plaintiff seeks injunctive relief under 42

U.S.C. § 1983, he "must allege the deprivation of a right secured by the United States

---

[1] Plaintiff has suggested in the complaint another basis for this Court's jurisdiction.  He claims that this Court is a "court of chancery/equity" that has "exclusive jurisdiction over virtually all actions by beneficiaries for breach of trust." (*See* Doc. 1, at PAGEID#: 6).  He cites as support for this position two Supreme Court cases that have no applicability to the case-at-hand.  In one case, the Court held that a provision of the Employment Retirement Income Security Act, which permits plan participants to bring civil actions to obtain "appropriate equitable relief," does not authorize suits for damages against non-fiduciaries who knowingly participate in the fiduciary's breach of fiduciary duty. *See Mertens v. Hewitt Associates*, 508 U.S. 248 (1993).  The second case, decided in1860, involved an ejectment action in Maryland, which at the time, "preserved the distinction between legal and equitable titles to land" with equitable title issues to be decided by the state court of chancery with "exclusive jurisdiction" over such matters. *See Smith's Lessee v. McCann*, 65 U.S. 398 (1860).  Neither decision established the federal courts as courts of chancery and/or equity, nor do they hold that the federal courts have jurisdiction to consider actions for equitable relief in the absence of a federal question.

Constitution or a federal statute by a person who was acting under color of state law." *Spadafore v. Gardner*, 330 F.3d 849, 852 (6th Cir. 2003).

As a threshold matter, plaintiff has not stated a viable claim against Hamilton County. In order to state a cognizable claim against the county defendant, plaintiff must "identify" the county custom or policy that allegedly resulted in a violation of his federal rights, "connect the policy to the [County] itself and show that the particular injury was incurred because of the execution of that policy." *Graham ex rel. Estate of Graham v. Cnty. of Washtenaw*, 358 F.3d 377, 383 (6th Cir. 2004); *see also Aladimi v. Hamilton Cnty. Justice Ctr.*, No. 1:09cv398, 2012 WL 292587, at *7 (S.D. Ohio Feb. 1, 2012) (Bowman, M.J.) (Report & Recommendation), *adopted*, 2012 WL 529585 (S.D. Ohio Feb. 17, 2012) (Barrett, J.). No such allegations are contained in plaintiff's complaint. *Cf. Aladimi, supra*, 2012 WL 292587, at *7 (quoting *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 690 (1978); citing *Petty v. Cnty. of Franklin, Ohio*, 478 F.3d 341, 344 (6th Cir. 2007)) (dismissing complaint against Hamilton County in the absence of any allegation indicating that that the plaintiff's constitutional rights were violated pursuant to a "policy statement, ordinance, regulation or decision officially adopted and promulgated" by the county).

Second, plaintiff's factual allegations make no sense, are incomprehensible, and fail to provide any content or context from which the Court may reasonably infer that the named defendants violated plaintiff's federal rights. *See Iqbal*, 556 U.S. at 678. Plaintiff's allegations may even qualify as delusional or as rising to the level of the irrational or "wholly incredible." *See Denton*, 504 U.S. at 32; *Lawler*, 898 F.2d at 1199. In any event, to the extent that the complaint may be construed as challenging plaintiff's criminal prosecutions in Hamilton County

Court of Common Pleas Case Nos. B0500613 and B1605805, plaintiff has failed to state a claim upon which relief may be granted by this Court.

The undersigned has reviewed the on-line docket records pertaining to the two Hamilton County cases.[2] In Case No. B1605805, the Hamilton County grand jury returned an indictment on October 21, 2016, charging plaintiff with twelve counts of forgery and four counts of theft. That matter is currently pending before the Hamilton County Court of Common Pleas on pretrial motions. In Case No. B0500613, plaintiff was convicted in April 2005 following a jury trial on charges of theft, tampering with records, forgery and unauthorized use of property. He was sentenced to a four-year prison term followed by terms of community and post-release control. His conviction was affirmed by the Ohio Court of Appeals in April 2007. Thereafter, plaintiff was sentenced to an additional three-year prison term following his entry of a no-contest plea to community-control violation charges that were filed in December 2013. Plaintiff then filed a federal habeas petition with this Court challenging his original conviction and sentence, as well as the community-control violation sentence, in Case No. B0500613. On November 3, 2015, the petition was dismissed with prejudice. It appears from the District Court's docket record that plaintiff filed an appeal from that ruling, which is pending before the United States Court of Appeals for the Sixth Circuit.

---

[2] The on-line records include the Hamilton County Clerk of Courts' docket records for Case Nos. B0500613 and B1605805 and the docket record for petitioner's federal habeas petition challenging his conviction and sentences in Case No. B0500613. The docket records for Case Nos. B0500613 and B1605805 can be found at the following links: https://www.courtclerk.org/case_summary.asp?sec=doc&casenumber= B0500613; and https://www.courtclerk.org/case_summary.asp?sec=doc&casenumber= B1605805. The federal habeas petition was filed on April 8, 2014 with this Court in the case entitled *LaShawn R. Pettus-Brown v. Warden, Corr. Reception Ctr.*, Case No. 1:14-cv-292 (S.D. Ohio) (Barrett, J.; Merz, M.J.). Although plaintiff has not provided specific information regarding the Hamilton County Common Pleas Court cases or the federal habeas petition in the complaint, this Court "may take judicial notice of proceedings in other courts of record." *See, e.g., Rodic v. Thistledown Racing Club, Inc.,* 615 F.2d 736, 738 (6th Cir. 1980) (quoting *Granader v. Public Bank,* 417 F.2d 75, 82-83 (6th Cir. 1969)); *Saint Torrance v. Firstar,* 529 F. Supp.2d 836, 838 n.1 (S.D. Ohio 2007); *see also Lynch v. Leis,* 382 F.3d 642, 648 n.5 (6th Cir. 2004) (citing *Lyons v. Stovall,* 188 F.3d 327, 332 n.3 (6th Cir. 1999)) (involving judicial notice of on-line court records).

To the extent that plaintiff seeks to challenge his prosecution and conviction in Hamilton County Court of Common Pleas Case No. B0500613, he has failed to state a viable claim because a ruling in his favor would necessarily cast doubt on the validity of his conviction in that case. *See Heck v. Humphrey*, 512 U.S. 477, 487 (1994); *Cummings v. City of Akron*, 418 F.3d 676, 682-83 (6th Cir. 2005); *Schilling v. White*, 58 F.3d 1081, 1085-86 (6th Cir. 1995); *cf. Edwards v. Balisok*, 520 U.S. 641, 643 (1997). In *Heck*, the Supreme Court held that a § 1983 civil rights action seeking monetary relief on the basis of an allegedly unconstitutional conviction or sentence will not lie unless the plaintiff has already succeeded in having the conviction or sentence invalidated. *Heck*, 512 U.S. at 486-87. Under *Heck*, when a successful § 1983 civil rights action for damages would necessarily imply the invalidity of a plaintiff's conviction or sentence, the complaint must be dismissed unless the plaintiff demonstrates that the decision resulting in his confinement has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such a determination, or called into question by a federal court's issuance of a writ of habeas corpus under 28 U.S.C. § 2254. *Heck*, 512 U.S. at 486-87; *see also Edwards*, 520 U.S. at 643. Although *Heck* addressed only claims seeking monetary damages, the Supreme Court later made it clear that the *Heck* rule extends to bar claims seeking injunctive or declaratory relief that would necessarily imply that a conviction or sentence is invalid. *See Wilkinson v. Dotson*, 544 U.S. 74, 81-82 (2005) ("a state prisoner's § 1983 action is barred (absent prior invalidation)—no matter the relief sought (damages or equitable relief), no matter the target of the prisoner's suit (state conduct leading to conviction or internal prison proceedings)—*if* success in that action would necessarily demonstrate the invalidity of the confinement or its duration") (emphasis in original); *Bennington v. DeWine*, No. 1:14cv688, 2015 WL 1914318, at *2 (S.D. Ohio Apr. 27, 2015) (Litkovitz, M.J.) (Report &

7

Recommendation) (citing *Wilkinson* in support of dismissal of § 1983 claims seeking declaratory

or injunctive relief in the form of a court order overturning the plaintiff's state conviction),

*adopted*, 2015 WL 2452623 (S.D. Ohio May 21, 2015) (Dlott, J.); *cf. Edwards*, 520 U.S. at 648-

49 (involving claim for declaratory relief as well as damages). *See also Rouse v. Matteucci*, No.

1:16cv1358, 2016 WL 7383399, at *6 (W.D. Mich. Dec. 21, 2016) (and cases cited therein); *Ivy*

*v. Wathen*, No. 4:16-CV-P92, 2016 WL 7013479, at *4 (W.D. Ky. Nov. 29, 2016) (citing *Wilson*

*v. Kinkela*, No. 97-4035, 1998 WL 246401, at *1 (6th Cir. May 5, 1998)); *Spehar v. City of*

*Mentor, Ohio*, No. 1:12cv2855, 2013 WL 3190695, at *7 (N.D. Ohio June 21, 2013) (citing

*Kinkela*).

Here, it is clear from the face of the complaint, as well as the docket records pertaining to

Case No. B0500613, that plaintiff's conviction and sentences in that case have been neither

overturned nor invalidated in accordance with *Heck*. Therefore, plaintiff fails to state a claim

upon which relief may be granted by this Court to the extent that he seeks injunctive relief on the

ground that his prosecution and conviction in Case No. B0500613 violated his federal rights. *Cf.*

*Henry v. Allen*, No. 1:13cv701, 2013 WL 9839229, at *6 (S.D. Ohio Dec. 20, 2013) (Bowman,

M.J.) (Report & Recommendation) (screening dismissal of § 1983 civil rights action seeking

money damages on the basis of an allegedly unconstitutional conviction or sentence), *adopted*,

2014 WL 5475275 (S.D. Ohio Oct. 29, 2014) (Spiegel, J.).[3]

*Heck* does not apply to Case No. B1605805, which has not yet proceeded to trial and thus

has not resulted in a conviction or sentence. However, this Court is unable to consider any claim

---

[3] It is noted that because plaintiff's conviction and sentences in Case No. B0500613 have not been invalidated, plaintiff is also unable to argue that his allegations give rise to a § 1983 claim of malicious prosecution. As the Supreme Court pointed out in *Heck*, 512 U.S. at 484, "[o]ne element that must be alleged and proved in a malicious prosecution action is termination of the prior criminal proceeding in favor of the accused." *See also Sykes v. Anderson*, 625 F.3d 294, 308-09 (6th Cir. 2010) ("To succeed on a malicious-prosecution claim under § 1983 when the claim is premised on a violation of the Fourth Amendment, a plaintiff must prove [that] . . . the criminal proceeding [was] resolved in the plaintiff's favor."); *Fisher v. Secoy*, No. 2:12cv734, 2013 WL 5297216, at *3 (S.D. Ohio Sept. 19, 2013) (quoting same language in *Sykes*, 625 F.3d at 308-09).

challenging plaintiff's prosecution in the pending case in this civil action.  Plaintiff seeks relief

that lies "within the core of habeas corpus," *see Preiser v. Rodriguez*, 411 U.S. 475, 487 (1973),

because he has requested that the defendants be enjoined from subjecting him "to any

proceedings at law" and ordered "to immediately release [him] from any current/future custody,

detention and/or monitoring by any department/agency within the Defendants' jurisdiction."

(*See* Doc. 1, at PAGEID#: 7).  In *Preiser*, the Supreme Court held that a § 1983 action will not

lie in a case such as this where the state prisoner challenges the "fact or duration of his

confinement" and seeks as relief either "immediate release from prison" or the "shortening" of

his term of confinement.  *See Wilkinson*, 544 U.S. at 79 (quoting *Preiser*, 411 U.S. at 482, 489).

Instead, plaintiff's "sole federal remedy is a writ of habeas corpus." *See Preiser*, 411 U.S. at

500.

As the *Preiser* Court pointed out, the federal habeas statute contains an exhaustion

requirement "rooted in considerations of federal-state comity," which may not be evaded by a

state prisoner "by the simple expedient of putting a different label on [his] pleadings." *Preiser*,

411 U.S. at 489-90, 491.  It is also well-settled that a federal court should not interfere in pending

state court criminal proceedings absent the threat of "irreparable injury" that is "both great and

immediate." *Younger v. Harris,* 401 U.S. 37, 46 (1971).  Abstention from adjudicating the

merits of an affirmative defense to a state criminal charge prior to the state court's entry of the

final judgment of conviction is justified by the considerations of comity recognized in *Preiser*,

which the *Younger* Court defined as "a proper respect for state functions." *See id.* at 44; *Preiser*,

411 U.S. at 491; *see also Atkins v. Michigan,* 644 F.2d 543, 546 (6th Cir. 1981). *Cf. Ivy, supra,*

2016 WL 7013479, at *3-4 (holding that claims in a complaint, which essentially amounted to a

collateral attack on an on-going state criminal prosecution, were subject to dismissal at screening

9

stage under the *Younger* abstention doctrine).   Therefore, although a pretrial detainee may seek

federal habeas relief under 28 U.S.C. § 2241, intrusion by way of such a petition into state court

proceedings already underway is warranted only in extraordinary circumstances.  *See Braden v.*

*30th Judicial Circuit Court of Kentucky*, 410 U.S. 484, 489-90 (1973); *Atkins,* 644 F.2d at 546-

47.  Furthermore, in accordance with *Preiser*, 411 U.S. at 489-90, even if extraordinary

circumstances exist to warrant federal court intervention into on-going state criminal

prosecutions, the state prisoner must exhaust all available state court remedies before seeking

federal habeas relief.  *See, e.g., Braden,* 410 U.S. at 490; *Atkins,* 644 F.2d at 546.

The Sixth Circuit has recognized exceptions to the *Younger* abstention doctrine in only

three scenarios involving a pretrial habeas petition: (1) when the petitioner seeks a speedy trial,

*Atkins,* 644 F.2d at 546-47; (2) when the petitioner seeks to avoid a second trial on the ground

that it would violate the Double Jeopardy Clause, *Delk v. Atkinson,* 665 F.2d 90, 93 (6th Cir.

1981); and (3) when the petitioner seeks to challenge the State's attempt to retry him rather than

permit him to accept an initial plea offer originally rejected due to ineffective assistance of

counsel, *Turner v. Tennessee,* 858 F.2d 1201, 1205 (6th Cir. 1988), *vacated on other grounds,*

492 U.S. 902 (1989).  *See, e.g., Pruitt v. Ohio,* No. 1:10cv313, 2010 WL 2607246, at *2 (S.D.

Ohio May 19, 2010) (Hogan, M.J.) (Report & Recommendation), *adopted*, 2010 WL 2620804

(S.D. Ohio June 25, 2010) (Barrett, J.); *Jenkins v. Kentucky*, Civ. Act. No. 14-31-HRW, 2014

WL 2758762, at *2 (E.D. Ky. June 3, 2014) (citing and quoting *Simpson v. Jones*, No. 11cv422,

2012 WL 3912755, at *2-3 (E.D. Ky. July 16, 2012) (Report & Recommendation), *adopted*,

2012 WL 3912738 (E.D. Ky. Sept. 7, 2012)); *Coleman v. Jones,* No. 3:10cv163, 2010 WL

1643276, at *3 (E.D. Tenn. Apr. 21, 2010); *Robinson v. Michigan*, No. 1:09cv231, 2009 WL

1067245, at *1 (W.D. Mich. Apr. 17, 2009).  None of those exceptions apply here.

As discussed above, plaintiff's complaint is difficult, if not impossible, to decipher. Construing it liberally, it appears that plaintiff is claiming that the defendants do not have authority to prosecute him on the criminal charges because he is a "Private Business Trust." (*See* Doc. 1, at PAGEID#: 4-6). Such a claim is delusional and, in any event, does not constitute the type of "extraordinary circumstances" recognized by the Sixth Circuit that would permit this Court to intervene in the pending state criminal trial proceeding.

Accordingly, in sum, the undersigned concludes that the complaint is subject to dismissal pursuant to 28 U.S.C. §1915A(b)(1) because plaintiff has failed to state a claim upon which relief may be granted by this Court. The complaint should be dismissed with prejudice with the caveat that the dismissal may not be construed as precluding plaintiff from filing a habeas petition challenging any conviction or sentence he may receive in Hamilton County Court of Common Pleas Case No. B1605805 after he has exhausted all available state court remedies.

## IT IS THEREFORE RECOMMENDED THAT:

1. The plaintiff's pleading entitled "Bill in Chancery/Equity and Injunctive Relief" (Doc. 1) be **DISMISSED** with prejudice pursuant to 28 U.S.C. §1915A(b)(1), with the caveat that the dismissal may not be construed as precluding plaintiff from filing a habeas petition challenging any conviction or sentence he may receive in Hamilton County Court of Common Pleas Case No. B1605805 after he has exhausted all available state-court remedies.

2. The Court certify pursuant to 28 U.S.C. § 1915(a)(3) that for the foregoing reasons an appeal of any Order adopting this Report and Recommendation would not be taken in good faith

and therefore deny plaintiff leave to appeal *in forma pauperis*.  *See McGore v. Wrigglesworth*,

114 F.3d 601 (6th Cir. 1997).


Date: 1/20/17

Karen L. Litkovitz
United States Magistrate Judge

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF OHIO**
**WESTERN DIVISION**

LASHAWN R. PETTUS-BROWN,
    Plaintiff,

    vs.

HAMILTON COUNTY, OHIO, et al.,
    Defendants.

Case No. 1:17-cv-32

Barrett, J.
Litkovitz, M.J.

**NOTICE**

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to this Report & Recommendation ("R&R") within **FOURTEEN (14) DAYS** after being served with a copy thereof. That period may be extended further by the Court on timely motion by either side for an extension of time. All objections shall specify the portion(s) of the R&R objected to, and shall be accompanied by a memorandum of law in support of the objections. A party shall respond to an opponent's objections within **FOURTEEN DAYS** after being served with a copy of those objections. Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See Thomas v. Arn,* 474 U.S. 140 (1985); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981).

cbc

13